# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| TERRY LEE LUTES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:12CV826  NAB |
| ) | |
| MACON COUNTY CIRCUIT COURT, ) | |
| ) | |
| Respondent. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the application of Terry Lee Lutes for leave to commence this action without payment of the required filing fee [Doc. #7]. Upon consideration of the financial information provided with the application, the Court finds that petitioner is financially unable to pay any portion of the filing fee, and therefore, the Court will grant him in forma pauperis status.

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [Doc. #6].  Having reviewed the amended petition, the Court will dismiss this action for lack of subject matter jurisdiction.

### The Amended Petition

Petitioner states that, after pleading guilty to two counts of sexual assault in the first degree, he was convicted in the Circuit Court of Macon County, Missouri.  He was sentenced on October 26, 1994, to two five-year sentences.  Petitioner did not file a direct appeal or any post-conviction motions.  Petitioner states that he "completed serving the sentences many years ago."  He further states that the Macon County

Circuit Court sentencing records erroneously state that he was convicted of "sexual assault," rather than "sexual assault in the first degree." In the instant action, petitioner complains that the "[s]tate court refused to accept/judicate [sic] [his] motion for the correction of the sentencing error," explaining that any error was moot, given that petitioner had already served his sentences. Petitioner asks this Court to "vacate a wrongful sentence and judgment," or alternatively, to order the Macon County Court to correct the error by amending all its records.

## Discussion

Under § 2254, a federal district court may entertain an application for a writ of habeas corpus only if the petitioner is "in custody" pursuant to the state court judgment or sentence that he is challenging. *See* 28 U.S.C. § 2254 (a). Because petitioner states that he completed serving his 1994 convictions many years ago, this Court lacks subject matter jurisdiction over the instant habeas corpus petition.

Moreover, to the extent that petitioner is seeking federal-court review of the more recent state-court judgment denying as moot petitioner's motion to correct a sentencing error, this Court also lacks jurisdiction. Federal district courts are courts of original jurisdiction; they lack subject matter jurisdiction to engage in appellate review of state court decisions. *Postma v. First Fed. Sav. & Loan*, 74 F.3d 160, 162 (8th Cir. 1996). "Review of state court decisions may be had only in the Supreme Court." *Id.* Thus, to the extent that petitioner is challenging a Missouri state-court order, his remedies, if any, lie not in federal district court, but rather, with the Missouri state courts or the United States Supreme Court. For these reasons, the

instant action will be dismissed for lack of subject matter jurisdiction.

Therefore,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [Doc. #7] is **GRANTED.**

**IT IS FURTHER ORDERED** petitioner's original motion for leave to proceed in forma pauperis [Doc. #2] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that petitioner's application for a for a writ of habeas corpus is **DENIED**, without prejudice.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 10th day of July, 2012.

_____
**UNITED STATES DISTRICT JUDGE**